UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN SUAREZ-SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., *et al*.,<br><br>    Defendants. | Case No. 2:16-CV-01478-KJD-PAL<br><br>**ORDER** |

Presently before the Court are Defendants' Motions to Dismiss (#5/7/11). Plaintiff filed responses in opposition (#16/18/21) to which Defendants replied (#21/23).

I. Background

On or about December 11, 2006, Borrower Thomas A. Smith (deceased) executed a Promissory Note ("Note") in favor of predecessor-in-interest Countrywide Home Loans, Inc. ("Countrywide") in the amount of $375,000.00. As part of the same transation, the Note was and is secured by a Deed of Trust in favor of MERS as nominee for Countrywide, which was recorded on December 20, 2006. On January 24, 2011, an Assignment of Deed of Trust from MERS, as nominee for Countrywide, to Defendant The Bank of New York Mellon ("BNY Mellon") was recorded. On October 16, 2015, a Substitution of Trustee naming Defendant Sables in the place of original trustee

Reconstrust Company, N.A., was recorded. On May 25, 2016, the Notice of Default was recorded by Sables on behalf of BNY Mellon.

Previously, on or about October 13, 2010, Plaintiff, asserting that she was acting as successor to the estate of the Borrower, sent a letter via certified mail to Bank of America asserting that she was rescinding the loan in accordance with 15 U.S.C. § 1635. On June 22, 2016, she filed the present complaint alleging a claim for rescission under § 1635 against Bank of America and for quiet title against all Defendants. The crux of her claims is that because the loan was securitized there was no consummation of the loan agreement, and therefore, no duty to send notice of rescission within three days or three years of the execution of the loan agreement. Further, with no such "consummation" all later assignments of trustees and recording of notices is without affect. Defendants then filed the present motions to dismiss.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Analysis

      The purpose of the Truth in Lending Act ("TILA") is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit ..." 15 U.S.C. § 1601(a). In transactions, like the one here, secured by a principal dwelling, TILA gives borrowers an unconditional three-day right to rescind. 15 U.S.C. § 1635(a); *see also id.* § 1641(c) (extending rescission to assignees). The three-day rescission period begins upon the consummation of the transaction or the delivery of the required rescission notices and disclosures, whichever occurs later. *Id.* § 1635(a). Required disclosures must be made to "each consumer whose ownership interest is or will be subject to the security interest" and must include two copies of a notice of the right to rescind. 12 C.F.R. § 226.23(a)-(b)(1). If the creditor fails to make the required disclosures or rescission notices, the borrower's "right of rescission shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f); *see* 12 C.F.R. § 226.23(a)(3); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792-93 (2015)(notice to lender of intent to rescind must be sent within three years of loan execution).

      Unfortunately for Plaintiff, it is clear that the underlying note and deed of trust were executed on or about December 11, 2006. Therefore, notice of rescission had to be provided to the lender no later than December 11, 2009. Plaintiff does not dispute that notice was not sent until October 13, 2010. The statute of repose established by § 1635 is applied strictly and her claim for rescission must be dismissed. Further, her arguments that the loan was never consummated due to the underlying securitization of the note do not save her action. *See Lial v. Bank of Am., N.A.*, 2016 WL 6405812 (D. Nev. October 27, 2016)(alleged securitization of a loan does not invalidate the deed of trust or allow challenge to the loan's validity)(citing *Lial v. Bank of Am. Corp.*, 2011 WL 5239242 (D. Nev.

3

Nov. 1, 2011), *aff'd Lial v. Bank of Am. Corp.*, 633 Fed. Appx. 406 (9th Cir. 2016); *Beck v. Nationstar Mortg.*, 2015 WL 6755276 (D. Nev. Nov. 4, 2015)).

      Finally, in response to Defendants' arguments that her claims for quiet title must be dismissed, Plaintiff asserts "Plaintiff has standing to raise all of these issues because her loan has been legally rescinded under 15 U.S. Code § 1635 et. seq., not because of some failed securitization theory[.]" *Opposition to Motion to Dismiss . . . Filed by Defendant Bank of America*, Docket No. 16, p. 6., l. 1-3. However, the Court has already ruled that her October 13, 2010 rescission letter was too late and is barred by the statute of repose. Therefore, Plaintiff's complaint must be dismissed. Normally, the Court would grant Plaintiff leave to amend the complaint, but it is clear that doing so would be futile.

IV. Conclusion

      Accordingly, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (#5/7/11) are **GRANTED**;

      IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

      DATED this 28th day of March 2017.

_____
Kent J. Dawson
United States District Judge